MUTUAL LIFE INS. CO. *v.* SVONAVEC.

(Decided April 15, 1929.)

*Messrs. Cook, McGowan, Foote, Bushnell & Burgess,* for plaintiff in error.

*Messrs. Wheeler & Adrion,* for defendant in error.

BY THE COURT. This action is brought in the municipal court of Cleveland by Barbara Svonavec to recover the proceeds of a certain life insurance policy issued by plaintiff in error upon the life of one Mary Svonavec, daughter of Barbara Svonavec. Defendant in error was named in the policy as beneficiary. The policy was dated and delivered to the insured on January 23, 1926. Mary Svonavec died on or about November 23, 1927, as a result of having had tuberculosis. Plaintiff in error relies for its defense upon the provisions in its policy which read as follows:

"This policy shall become void if upon date of actual delivery the insured is not alive and in sound health. * * *

"Agents (which term includes superintendents and assistant superintendents) are not authorized to make, alter or discharge contracts or waive forfeitures, or receive premiums on policies in arrears for four weeks or more."

Defendant below, plaintiff in error here, alleged that the insured was not in sound health on the day the policy was issued and delivered, and that the insured had made misrepresentations in the application for the policy, which application, by the terms of the policy, had been made part of the policy.

The principal assignment of error is the action of the court in sustaining defendant in error's mo-

tion to require the plaintiff in error to strike from its defense the averment that the representations made by the insured in the application were a part of the contract of insurance, and, being untrue, violated the conditions of the contract. The court based its action upon Section 9389, General Code, which reads as follows: ''Every company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy. A company which neglects so to do, so long as it is in default for such copy, shall be estopped from denying the truth of any such application or other document. In case such company neglects for thirty days after demand made therefor, to furnish such copies, it shall be forever barred from setting up as a defense to any suit on the policy, any incorrectness or want of truth of such application or other document. (R. S. Sec. 3623.)''

It is urged in behalf of plaintiff in error that this section is inapplicable for the reason that after the death of Mary Svonavec the company delivered a full and complete copy of the application. In our opinion the language of the statute contemplates a return of the application simultaneously with the delivery of the policy itself.

We find no error in the action of the court in sustaining the motion of defendant in error.

Another of the defenses was that there was a release executed by defendant in error for a consideration, such as bars her right to recover in this action. Defendant in error, it is claimed by her counsel, is

ignorant of the English language and had to transact whatever business she had with the company through an interpreter. She claims that she did not understand the nature of the transaction and that at no time did she intend to execute such a release. A release, like every other contract entered into between parties, in order to be binding must be the result of a meeting of the minds between the parties. Whether or not there was such a meeting of the minds was a question of fact for the determination by the trial court, who heard the witnesses and had the means and opportunity to determine the credit which their statements were entitled to.

There is evidence in the record that the agent acting for and in behalf of the company was told of the fact that Mary Svonavec had been afflicted with tuberculosis, and was also told that Mary Svonavec had been an inmate of the Warrensville tubercular ward. Under such circumstances, when the court found the same to be true, the insurance company cannot be allowed to refuse payment upon the ground that the insured was not in sound health.

Thus holding, the judgment of the municipal court is hereby affirmed.

*Judgment affirmed.*

VICKERY, P. J., LEVINE and SULLIVAN, JJ., concur.